UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JIMEL FRANK                          :

VS.                                  :          CIVIL ACTION NO.

UNITED STATES OF AMERICA             :          APRIL 22, 2022

## C O M P L A I N T

1.  This is an action pursuant to the Federal Tort Claims Act to redress injuries inflicted upon the plaintiff by agents of the defendant United States of America acting in their official capacities.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1346(b), 1367(a), and 2671-2680 of Title 28 of the United States Code.

3.  The plaintiff is an adult resident of the State of Connecticut.

4.  The plaintiff filed an administrative claim asserting the matters herein alleged.  The said claim was served upon the defendant's duly authorized representatives on or about October 21, 2021, which was within two years of the events alleged.  The defendant did not respond to the said claim within six months of its receipt and this action is filed within six months of the latter date.

1

Accordingly, the plaintiff has exhausted all available administrative remedies.

5.  The plaintiff was born and lived his entire life prior to the subject incident in Hartford, Connecticut.

6.  On February 24, 2015, an indictment was returned in the United States District Court for the District of Connecticut under Docket Number 3:15cr29, charging the plaintiff, and a co-defendant, with conspiracy to commit murder in violation of 18 USC § 1959(a)(5) and murder in violation of 18 USC § 1959(a)(1) and (2).

7.  On November 12, 2015, the plaintiff entered a plea of guilty to Count Two (murder) of the said indictment.

8.  The maximum penalty for the said offense was life in prison.

9.  On February 21, 2020, before Hon. Janet Bond Arterton, United States District Judge for the District of Connecticut, the plaintiff was sentenced in a public courtroom to imprisonment for 120 months.  In doing so, Judge Arterton expressly stated that the comparatively lenient sentence was imposed because the plaintiff "has accepted responsibility for his awful crime by putting his own well-being on the line, cooperating with the government, testifying in open court, and bringing to conclusion [a] cold-case murder[]."

10.  The sentence, and the stated reason for the sentence, was publicized.

11. Upon being sentenced, the plaintiff was transferred to FCI Fairton, a Bureau of Prisons facility in New Jersey.

12. On September 2, 2020, however, the plaintiff was transferred to FCI Danbury, a Bureau of Prisons facility in the State of Connecticut where the plaintiff's cooperation with the government was well-known to inmates.

13. Because of COVID-19, the plaintiff was placed in quarantine; but on September 21, 2020, he was moved into the general population of the prison and placed in Unit C-A.

13. On September 23, 2020, the plaintiff was confronted by a group of inmates who had read a newspaper article describing the plaintiff's cooperation with the government. They informed the plaintiff that they would not permit him to live on the Unit.

14. The plaintiff immediately reported to two Correction Officers what had happened to him. They took him to the office of Lt. Echandi and the plaintiff explained the above facts to the Lieutenant and informed him explicitly that he would not be safe on that Unit. He requested an emergency transfer. The Lieutenant responded: "Man, those dudes is pussy! They ain't going to do shit, trust me. Tell them to suck your dick." The plaintiff begged him to transfer him but the Lieutenant refused and ordered him returned to the Unit.

15. The plaintiff immediately approached a female Lieutenant, named Lt.

3

Gwen, and repeated his facts and his plea for a transfer. She responded: "Man the fuck up! You did this shit to yourself! Now get the fuck back to your unit!" The plaintiff told her that if he got injured because of the order he intended to sue. She responded: "Good fucking luck."

16. As he walked back toward his unit, the plaintiff spoke with three Correction Officers and asked them to put him in SHU rather than sending him back. They responded that Lt. Gwen has ordered them not to do so and had stated: "He's either going back to his unit or he can stay on that bench all night." One of the three Officers, Officer Barnett, spoke with the plaintiff's Case Manager, Mr. Lewis, who was Acting Warden at the Time. Mr. Lewis responded that he would not do so and walked away. However, the plaintiff was in fact placed in the SHU for a period of five days.

17. At 7:00 p.m. on September 28, 2020, the plaintiff was ordered back into his unit despite his continued protests that he faced serious danger there. Upon entering the unit, he again was confronted by one of the inmates who had confronted him on his first day. He attempted to explain that he had tried without success to get transferred out of the unit, but the inmate called him "Police" and turned away. At 9:00 p.m. Correction Officers entered the unit to do a count and plaintiff approached them and again explained that he feared for his life in the unit. They refused to do anything.

18.  At 11:00 p.m. the plaintiff fell asleep on his top bunk but soon thereafter was awakened when something hit him in the face.  He was dragged off the bunk by his feet.  As he jumped to his feet, he was placed in a headlock and boiling hot water and urine were thrown on him.  He was stabbed four times in his head and beaten with irons and padlocks in socks over all of his body.  His assailants then attempted to drag him into a dark area at the back of the dorm, so they could kill him, but another inmate grabbed a fire extinguisher and held them off until help could arrive.  Yet it was more than an additional hour before he was given any medical attention for his life-threatening injuries.

19.  As a result of the aforesaid acts and omissions of the agents of the defendant, the plaintiff suffered grave physical injuries and permanent psychological injuries.

WHEREFORE, the plaintiff claims judgment against the defendant.

THE PLAINTIFF

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
jrw@johnrwilliams.com

5